FILED ☐ ☒ LODGED
**Nov 06 2024**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☒ FILED ☐ LODGED
**Jan 21 2025**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona
ARON KETCHEL
Assistant U.S. Attorney
Arizona State Bar No. 038421
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: aron.ketchel@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.    CR-24-01749-PHX-DJH (JZB) |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Brandilyn Lorenzen, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Brandilyn Lorenzen, hereby agree to resolve this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the information charging the defendant with a violation of 18 United States Code (U.S.C.) § 666(a)(1)(B), Bribery Concerning Programs Receiving Federal Funds, a Class C felony offense.

2. **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. § 666(a)(1)(B) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of 3 years. A maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

1        (1)     make restitution to any victim of the offense pursuant to 18 U.S.C.
2  § 3663 and/or 3663A, unless the Court determines that restitution would not be
3  appropriate;

4        (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
5  fine is not appropriate;

6        (3)     serve a term of supervised release when required by statute or when a
7  sentence of imprisonment of more than one year is imposed (with the understanding that
8  the Court may impose a term of supervised release in all other cases); and

9        (4)     pay upon conviction a $100 special assessment for each count to
10  which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

11        c.     The Court is required to consider the Sentencing Guidelines in determining
12  the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court
13  is free to exercise its discretion to impose any reasonable sentence up to the maximum set
14  by statute for the crime(s) of conviction, unless there are stipulations to the contrary that
15  the Court accepts.

16  **3.**     **AGREEMENTS REGARDING SENTENCING**

17        a.     Recommendation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United
18  States will recommend no higher than the low end of the sentencing range as calculated
19  under U.S.S.G. § 1B1.1(a).

20        b.     Non-Binding  Recommendations.  The  defendant  understands  that
21  recommendations are not binding on the Court. The defendant further understands that the
22  defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
23  recommendation.

24        c.     Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant
25  specifically agrees to pay full restitution, regardless of the resulting loss amount but in no
26  event more than $2,994,484, to all victims directly or proximately harmed by the
27  defendant's "relevant conduct," including conduct pertaining to any dismissed counts or
28  uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct

constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

d. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

- 3 -

1    **4.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

2        a.    If the Court, after reviewing this plea agreement, concludes that any

3    provision contained herein is inappropriate, it may reject the plea agreement and give the

4    defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

5    11(c)(5).

6        b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

7    vacated, or reversed at any time, this agreement shall be null and void, the United States

8    shall be free to prosecute the defendant for all crimes of which it then has knowledge and

9    any charges that have been dismissed because of this plea agreement shall automatically

10   be reinstated.  In such event, the defendant waives any and all objections, motions, and

11   defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

12   restrictions in bringing later charges or proceedings.  The defendant understands that any

13   statements made at the time of the defendant's change of plea or sentencing may be used

14   against the defendant in any subsequent hearing, trial, or proceeding subject to the

15   limitations of Fed. R. Evid. 410.

16   **5.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

17       The defendant waives (1) any and all motions, defenses, probable cause

18   determinations, and objections that the defendant could assert to the indictment or

19   information; and (2) any right to file an appeal, any collateral attack, and any other writ or

20   motion that challenges the conviction, an order of restitution or forfeiture, the entry of

21   judgment against the defendant, or any aspect of the defendant's sentence, including the

22   manner in which the sentence is determined, including but not limited to any appeals under

23   18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

24   (habeas petitions), and any right to file a motion for modification of sentence, including

25   under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

26   18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

27   result in the dismissal of any appeal, collateral attack, or other motion the defendant might

28   file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

- 4 -

1   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective
2   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
3   II.B of Ariz. Ethics Op. 15-01 (2015)).

4   **6.    DISCLOSURE OF INFORMATION**

5        a.    The United States retains the unrestricted right to provide information and
6   make any and all statements it deems appropriate to the U.S. Probation Office and to the
7   Court in connection with the case.

8        b.    Any information, statements, documents, and evidence that the defendant
9   provides to the United States pursuant to this agreement may be used against the defendant
10  at any time.

11       c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such
12  cooperation shall include providing complete and truthful responses to questions posed by
13  the U.S. Probation Office including, but not limited to, questions relating to:

14            (1)    criminal convictions, history of drug abuse, and mental illness; and

15            (2)    financial information, including present financial assets or liabilities
16  that relate to the ability of the defendant to pay a fine or restitution.

17  **7.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

18       a.    Nothing in this agreement shall be construed to protect the defendant from
19  administrative or civil forfeiture proceedings or prohibit the United States from proceeding
20  with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all
21  monetary penalties, including restitution imposed by the Court, shall be due immediately
22  upon judgment, shall be subject to immediate enforcement by the United States, and shall
23  be submitted to the Treasury Offset Program so that any federal payment or transfer of
24  returned property the defendant receives may be offset and applied to federal debts (which
25  offset will not affect the periodic payment schedule).  If the Court imposes a schedule of
26  payments, the schedule of payments shall be merely a schedule of minimum payments and
27  shall not be a limitation on the methods available to the United States to enforce the
28  judgment.

8.    **ELEMENTS**

**Bribery Concerning Programs Receiving Federal Funds**

Between in or about May 2020 and April 2022, in the District of Arizona:

1.    the Arizona Department of Economic Security ("DES") is a local government agency;

2.    defendant was an agent of DES;

3.    defendant corruptly agreed to accept something of value with the intent to be influenced or rewarded in connection with any business, transaction, or series of transactions, of DES involving anything of value of $5,000 or more; and

4.    DES received benefits in excess of $10,000 in federal funds in any single year.

9.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b.    Between May 2020 and October 2021, defendant served as a Pandemic Unemployment Adjudicator in DES's Division of Employment and Rehabilitation Services ("DERS"). In that role, defendant was responsible for adjudicating claims for unemployment insurance ("UI") as well as Pandemic Unemployment Assistance ("PUA") and determine claimant eligibility. Between October 2021 and April 2022, defendant served as Program Services Evaluator ("PSE") with DES's Division of Benefits and Medical Eligibility. During a portion of the time defendant worked as a PSE, defendant maintained computer access to DERS Pandemic Unemployment Assistance claims. DES is a local government agency that receives benefits in excess of $10,000 in federal funds each year during the relevant time frame.

While employed as an adjudication deputy at DES, defendant accepted bribes to approve UI and PUA claims. For example, between March and May 2021, defendant agreed to approve PUA claims for Individual 1, who was not qualified to receive PUA

- 6 -

benefits, in exchange for bribe payments from Individual 1. More specifically, between March 10, 2021, and May 10, 2021, Individual 1 received eleven PUA benefit claims totaling $29,820. The payments were made to Individual 1 after defendant created Individual 1's DES account, verified the ID.me anti-fraud identification measures, resolved "alerts" that appeared on the account, and submitted multiple weekly certifications confirming Individual 1's unemployment status. Between March 15, 2021, and June 4, 2021, Individual 1 sent defendant nine bribe payments through Zelle totaling $14,400.

Defendant accepted bribe payments in exchange for approving other PUA claims. In total, defendant accepted bribes to process twenty-four different UI/PUA claims, which resulted in DES paying a total of $532,964 in claims that were not adjudicated through the proper process.

In addition to accepting bribes to process claims, during the same period of time, defendant embezzled and misapplied DES funds for her own benefit and for the benefit of others. In total, defendant embezzled or misapplied $2,461,520 in DES UI/PUA claims that were not processed through the proper process.

    c.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney.    I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself

1   by asserting my privilege against self-incrimination, all with the assistance of counsel, and
2   to be presumed innocent until proven guilty beyond a reasonable doubt.

3        I agree to enter my guilty plea as indicated above on the terms and conditions set
4   forth in this agreement.

5        I have been advised by my attorney of the nature of the charges to which I am
6   entering my guilty plea. I have further been advised by my attorney of the nature and range
7   of the possible sentence and that my ultimate sentence shall be determined by the Court
8   after consideration of the advisory Sentencing Guidelines.

9        My guilty plea is not the result of force, threats, assurances, or promises, other than
10   the promises contained in this agreement. I voluntarily agree to the provisions of this
11   agreement and I agree to be bound according to its provisions.

12        I understand that if I am granted probation or placed on supervised release by the
13   Court, the terms and conditions of such probation/supervised release are subject to
14   modification at any time. I further understand that if I violate any of the conditions of my
15   probation/supervised release, my probation/supervised release may be revoked and upon
16   such revocation, notwithstanding any other provision of this agreement, I may be required
17   to serve a term of imprisonment or my sentence otherwise may be altered.

18        This written plea agreement, and any written addenda filed as attachments to this
19   plea agreement, contain all the terms and conditions of the plea.  Any additional
20   agreements, if any such agreements exist, shall be recorded in a separate document and
21   may be filed with the Court under seal; accordingly, additional agreements, if any, may not
22   be in the public record.

23        I further agree that promises, including any predictions as to the Sentencing
24   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
25   (including my attorney) that are not contained within this written plea agreement, are null
26   and void and have no force and effect.

27        I am satisfied that my defense attorney has represented me in a competent manner.
28

1      I fully understand the terms and conditions of this plea agreement.  I am not now

2  using or under the influence of any drug, medication, liquor, or other intoxicant or

3  depressant that would impair my ability to fully understand the terms and conditions of this

4  plea agreement.

5

6  9/17/24

    Date                                          Brandilyn Lorenzen

7                                               Defendant

8  **APPROVAL OF DEFENSE COUNSEL**

9      I have discussed this case and the plea agreement with my client in detail and have

10  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

11  constitutional and other rights of an accused, the factual basis for and the nature of the

12  offense to which the guilty plea will be entered, possible defenses, and the consequences

13  of the guilty plea including the maximum statutory sentence possible.  I have further

14  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

15  assurances, promises, or representations have been given to me or to the defendant by the

16  United States or any of its representatives that are not contained in this written agreement.

17  I concur in the entry of the plea as indicated above and that the terms and conditions set

18  forth in this agreement are in the best interests of my client.  I agree to make a bona fide

19  effort to ensure that the guilty plea is entered in accordance with all the requirements of

20  Fed. R. Crim. P. 11.

21  September 17, 2024

    Date                                        Todd Coolidge

22                                           Attorney for Defendant

23

24

25

26

27

28

- 9 -

1

## APPROVAL OF THE UNITED STATES

2        I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3  States that the terms and conditions set forth herein are appropriate and are in the best

4  interests of justice.

5                                          GARY M. RESTAINO
                                           United States Attorney
6                                          District of Arizona

7    10/22/24                              *(signature)*    Digitally signed by ARON
                                                            KETCHEL
                                                            Date: 2024.10.22 09:10:25 -07'00'
8  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾             ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
   Date                                    Aron Ketchel
9                                          Assistant U.S. Attorney

10

## ACCEPTANCE BY THE COURT

11

12

13    Jan 21, 2025                         *(signature)*
   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
   Date                                    Honorable
14                                         United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -